**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

IN RE:

TINA MARIE MINOR,

        Debtor.

_____/ /

Case No.:  GK 20-00445
Chapter 13
Hon. John T. Gregg
Filed:  February 4, 2020

## TRUSTEE'S OBJECTION TO APPLICATION FOR ADDITIONAL ATTORNEY FEES AND/OR RECOVERY OF COSTS ADVANCED

**NOW COMES** Barbara P. Foley, Trustee, by and through her Attorney, Courtney K. Roberts, and for her *Objection to Debtor's Application for Additional Attorney Fees and/or Recovery of Costs Advanced* [DN 62] states as follows:

1.    Tina M. Minor ["Debtor"] filed a Petition for relief under Chapter 13 of the United States Bankruptcy Code on February 4, 2020.  The case has never been converted, dismissed or reinstated.

2.    The Trustee is objecting to the fee application because the Notice accompanying the application indicates that the attorney fees will reduce the dividend to general unsecured creditors, and this is a 100% dividend plan where the fees cannot reduce the base in the application alone, and because the confirmation preparation, in the aggregate, appears to exceed what should have been reasonably necessary for an experienced practitioners billing $275.00 per hour.

3.    The Chapter 13 plan was confirmed by Order entered October 20, 2020, with the Order approving $3,200.00 in compensation [DN 41]; the Chapter 13 plan, itself, has since been amended to provide a 100% dividend to general unsecured creditors [DN 54 & 56].

4.  Debtor's counsel filed an Application for Additional Attorney Fees and/or Recovery of Costs Advanced [DN 62] on May 28, 2021, seeking approval for additional attorney fees of $3,266.00 and expenses of $41.43.

5.  "Any professional requesting compensation under § 330(a) has the burden of proving entitlement to an award." *In re Clinkscale,* 525 B.R. 399, 403 (W.D. Mich. Bankr. 2015), citing *In re Ulrich,* 517 B.R. 77, 80 (Bankr. E.D. Mich. 2014) and *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991); *In re Acevedo*, 2014 WL 6775272 (Bankr. W.D. Mich 2014).

6.  The Trustee objects to the fee application because the Notice accompanying it incorrectly indicates that, in addition to delaying payment to general unsecured creditors, approval of the additional compensation will reduce the dividend to general unsecured creditors [DN 62-2].

    a.  The fee application cannot unilaterally alter the dividend to general unsecured creditors. 11 U.S.C. §§ 1329(b)(2) & 1327(a).

    b.  The incorrect statement of the impact of approval of additional fees violates Local Bankruptcy Rule 2016-2(d)(5) and may not be putting Debtor on notice that she will likely have to pay additional funds into the Chapter 13 plan that were not previously required.

7.  The Trustee objects to the fee application because Debtor's counsel is billing 1.5 hours of time for preparing for, and attending, the first meeting of creditors, on February 26, 2020.

8.  The meeting itself took approximately 18 minutes, but it is unclear how much time was spent in preparation for the meeting, how much time may have been spent by Debtor's counsel either waiting or meeting with Debtor in the hallway, and how much time was spent on

travel pro-rated between this and other cases Debtor's counsel had up for hearing on the same day, making it impossible to determine if the time being billed was reasonable. 11 U.S.C. § 330(a)(3)(A) & (D).

9. Of greater concern, Debtor's counsel appears to have spent an unusual amount of time in preparing the case for confirmation.

    a. There was an initial consultation on March 27, 2019 for .8 hours at $220.00 per hour [DN 62-1, page 1].

    b. There was a follow-up appointment between Debtor's counsel for the purpose of information gathering and initial drafting for 2 hours at $220.00 per hour on April 8, 2019 [DN 62-1, page 1].

    c. Not including some shorter, interim appointments over the course of the ten months between filing and filing, there was then a 2.1 hour signing appointment on January 30, 2020 [DN 62-1, page 1].

    d. Following the first meeting, a different attorney within the same firm for Debtor's counsel spent .8 hours on March 2, 2020 reviewing the post-341 notes and spent another 2.1 hours of time on April 6, 2020 doing "[c]onfirmation work" at $275.00 per hour [DN 61-1, page 2].

    e. The Trustee is not questioning the 1.5 hours of time spent on April 22, 2020, in relation to the vehicle appraisal, and is not questioning the communications between the end of April 2020 and the .88 hours spent on October 15, 2020 drafting amendments [DN 61-1, pages 2-3], due to Debtor being exposed to COVID-19, and amendments being necessary to reflect subsequent increases to income following exposure.

10.     However, the Trustee objects to the fee application because the aggregate billing in relation to trying to get the case ready for confirmation between March 2019 and the end of April 2020 seems to exceed what is reasonable, particularly because the later drafting was not of terrific complexity for an experienced practitioner billing at $275.00 per hour.  11 U.S.C. § 330(a)(3).  *In re Allison,* 578 B.R. 782 (Bankr. W.D. Mich. 2018).

**WHEREFORE,** the Trustee respectfully requests that this honorable Court deny the Application for Additional Attorney Fees and/or Recovery of Costs Advanced [DN 62], in whole or in part, and grant such other relief as may be just and equitable.

Respectfully submitted,

BARBARA P. FOLEY
CHAPTER 13 TRUSTEE

June 9, 2021

/s/ Courtney K. Roberts
Courtney K. Roberts (P64717)
Attorney for Barbara P. Foley, Chapter 13 Trustee
P.O. Box 51109
Kalamazoo, MI  49005-1109
Phone:  (269) 343-0305
E-Mail: croberts@chpt13.com